In The United States District Court for Illinois Southern District

ARTHUR L. STANLEY,

Plaintiff,

v.

TIMOTHY WILSON JR, HIS ATTORNEY, FRIENDS, FAMILY AND ASSOCIATES, GENERALLY, THE ST. CLAIR COUNTY COURT AND THE JUDGES THEREOF: C. JOHN BARACEVIC, THE ILLINOIS STATES ATTORNEY: JANET HORMBERG, THE ST. CLAIR COUNTY TRUSTEE COMMITTEE: MARK KERN, THE ILLINOIS DEPARTMENT OF HEALTHCARE AND FAMILY SERVICES: FELICIA NORWOOD, THE ILLINOIS OFFICE OF EXECUTIVE INSPECTOR GENERAL: MAGGEE HICKEY, AND/OR ANTOINETTE A. KWATENG, ILLINOIS GOVERNOR: BRUCE RAUNER, *(INDIVIDUALLY AND/OR IN THEIR OFFICIAL CAPACITY)* INGRID WILLIS, THE PEOPLE OF THE STATE OF ILLINOIS, GENERALLY, RICHARD WATSON, AND THE ST CLAIR COUNTY SHERIFF'S DEPARTMENT *(INDIVIDUALLY AND/OR IN HIS OFFICIAL CAPACITY),*

Defendants.

16-678-NJR-PMF

FILED
JUN 22 2016
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

Amended

PLAINTIFF'S MEMORANDUM TO SUPPORT HIS 18 U.S.C.A. § 3771 AND/OR §§ 241/ 242 COMPLAINT AND/OR MOTION FOR RELIEF

COMES NOW ARTHUR STANLEY ("ARTHUR") AND SHOWS THIS COURT CAUSE FOR CRIMINAL CHARGES/ INVESTIGATIONS AND/OR MOVES THE COURT TO GRANT HIM RELIEF FROM HARASSMENT AND ATTEMPTS TO DEPRIVE HIM OF PROPERTY AND LIBERTY FOR THE REASONS THAT FOLLOW:

*1.* Arthur has been tied up in Illinois and U.S. District Courts since about June 2015, and *(because of a sham-judicial conspiracy between opposing counsel/his client, State court judges, District court judges, and/or 7th Circuit Court personnel)* has been unable to secure a just/legal conclusion, a redress and/or to stop attempts by his adversaries to illegally/ unduly evict him from his 20 year homestead. Arthur alleges "conspiracy" within the meaning of 18 U.S.C.A. §§241 and/or 242. *Brown v. U.S., C.A. 6 (Tenn.) 1953, 204 F.2d 247.) (Private citizen conspired with deputy sheriff[...] violating this section forbidding[...] deprivation under color of law, of a right secured[...] by U.S.C.A. Const.Amend. 14, by such acts was guilty of conspiracy... [as provided for under 18 U.S.C.A. § 242.])* He also alleges sham-judicial proceedings as a part of said conspiracy, within the meaning of §242 of the U.S. Code. *(See e.g. Dennis v. Sparks U.S. Tex. 1980, 101 S.Ct. 183, 449 U.S. 24, 86 L.Ed.2d 185.) ("State judge may be found criminally liable...") See also Horn v. O'Cheskey, D.C.N.M. 1974, 378 F.Supp. 1280. See also, Matzner v. Davenport, D.C.N.J. 1968, 288 F.Supp. 636, affirmed 410 F.2d.1376, certiorari denied 90 S.Ct. 570, 396 U.S. 1015, 24 L.Ed.2d 506. ("State courts bare equal responsibility with federal courts to guard and protect rights secured by Constitution of the United States.")* In the case(s) at hand, there is evidence that the alleged Timothy Wilson Jr., is a **St Clair County Sheriff's Deputy** who is using a fictitious name, *(Timothy Wilson Jr.,)* alleging to have purchased a tax deed for Arthur's homestead for $10. But, he falsely alleged in court that there had been a landlord/tenant agreement between himself and Arthur. The State court *(in case # 15 Lm 959)* dismissed on motion of *(pro se, and in forma pauperis)* Arthur, but the judge falsely drafted the dismissal order as if the parties had agreed to voluntarily dismiss. Arthur timely filed post trial motions to dismiss "with prejudice." Those motions are still pending. Nevertheless, according to Illinois and/or Federal Law, any instrument purporting to have given the alleged Wilson the right to possession of Arthur's homestead is merged into the 7/27/15 dismissal of Wilson's evictions complaint according to case law and/or public policy against ongoing/vexatious litigation. (e.g. res judicata, latches, estoppel, waiver. *See Western Cas. & Sur. Co. v. Brochu, 105 Ill. 2d 486, 499 (1985).)* Moreover, Wilson has admitted that the evictions complaint is barred according to Illinois law. That is, he did not reply to the affirmative defenses

raised in opposition to the former and the latter versions of his evictions complaints. Sobel v. Franks, *App. 1 Dist. 1994, 199 Ill.Dec. 24, 261 Ill.App.3d 670, 633 N.E.2d 820.*, the court held that *"Failure of party to reply to new matters raised by way of affirmative defenses or counter-complaint constitutes admission to those allegations."*

2. In spite of this, Wilson then allegedly hired a lawyer who filed another case making the same allegations without citing to any statutory authority. See Hazel-Atlas Glass Co., v. Hartford-Empire Co., *322 U.S. 238, 245-46, 64 S.Ct. 997, 88 L.Ed. 1250 (1944);* U.S. v. Williams, *790 F.3d 1059, 1071 (10th Cir. 2015).* Fox ex rel. Fox v. Elk Run Coal Co., *739 F.3d. 131, 136 (4th Cir. 2014.) ) (Fraud on the court is when perpetrated by court officers.)* Wilson's lawyer is a court officer, acting under the color of law, in conspiracy with Wilson and/or Sheriff's Department and State and/or Federal judge(s). *e.g.* Brown v. U.S., *C.A. 6 (Tenn.) 1953, 204 F.2d 247.);* Dennis v. Sparks *U.S. Tex. 1980, 101 S.Ct. 183, 449 U.S. 24, 86 L.Ed.2d 185.;* Horn v. O'Cheskey, *D.C.N.M. 1974, 378 F.Supp. 1280. See also,* Matzner v. Davenport, *D.C.N.J. 1968, 288 F.Supp. 636, affirmed 410 F.2d.1376, certiorari denied 90 S.Ct. 570, 396 U.S. 1015, 24 L.Ed.2d 506. )* And, in spite of Arthur's timely affirmative defenses *(and Wilson's failure to reply to them, e.g.* Sobel v. Franks, *App. 1 Dist. 1994, 199 Ill.Dec. 24, 261 Ill.App.3d 670, 633 N.E.2d 820.,)* state court entered a default order in favor of adverse party, under the color of state law; and Wilson has attempted to enforce the non-final order, by and through the St. Clair County Sheriff's Department. That is, on June 16th 2016, a Notice from the Sheriff's Department was taped by the front door of Arthur's Residence, falsely ordering him to vacate within 48 hours, or "the landlord" would return with the Sheriff and set Arthur's belongings out. This is in spite of timely post-trial motions by Arthur, and in spite of state and federal laws prohibiting repeated/vexatious/sham court proceedings, generally. Such attempts violate U.S.C.A. Const.Amend. 14, and thus, violate §§ 241 and/or 242 of the U.S. Code. *See See* Brown v. U.S., *C.A. 6 (Tenn.) 1953, 204 F.2d 247.);* Dennis v. Sparks *U.S. Tex. 1980, 101 S.Ct. 183, 449 U.S. 24, 86 L.Ed.2d 185.)* The State court judges are complicit in the alleged conspiracy, for their failure/refusal

to protect Arthur's rights herein. See *Horn v. O'Cheskey, D.C.N.M. 1974, 378 F.Supp. 1280. See also, Matzner v. Davenport, D.C.N.J. 1968, 288 F.Supp. 636, affirmed 410 F.2d.1376, certiorari denied 90 S.Ct. 570, 396 U.S. 1015, 24 L.Ed.2d 506. Brown v. U.S., C.A. 6 (Tenn.) 1953, 204 F.2d 247.); Dennis v. Sparks U.S. Tex. 1980, 101 S.Ct. 183, 449 U.S. 24, 86 L.Ed.2d 185.)*

3. Arthur removed to the U.S. District Court four times so far. And, he has attempted to appeal to the 7th Circuit three times, citing interference with District Court Protocol *(by state judge and/or opposing counsel)* for random assignment of cases, which triggered FRCP Rule 11 sanctions. As of this day, neither the District court nor the 7th Circuit has addressed Arthur's application for sanctions to secure FRCP Rule 1's mandated objectives. Neither Wilson nor his attorney *(save in the first removal of the case)* have so much as filed an Appearance in the District Court. These actions/failures to act in accordance with law by state, federal and/or county actors were/are perpetrated as a conspiracy in furtherance of unlawfully depriving Arthur of his homestead for the alleged Timothy Wilson. *See U.S. v. Otherson, C.A.9(Cal.) 1980, 637 F.2d 1276, certiorari denied 102 S.Ct. 149, 454 U.S. 840, 70 L.Ed.2d 123. ("This section[...] applies to action of federal officer taken under color of federal law.")* There is evidence that shows Judges David R. Herndon, and/or Nancy Rosenstengel, and/or Staci M. Yandle and/or personnel at the U.S. 7th Circuit Court of Appeals are/ have conspired with the alleged Timothy Wilson, and/or his attorney *(Thomas Benedict)* and/or State court judge Vincent Lopinot, to antagonize Arthur, and to deprive him of his homestead and his liberty, so as is protected by U.S.C.A. Const. Amend. 14., and thus, violate §§ 241 and/or 242 of the U.S. Code. *See See Brown v. U.S., C.A. 6 (Tenn.) 1953, 204 F.2d 247.); Dennis v. Sparks U.S. Tex. 1980, 101 S.Ct. 183, 449 U.S. 24, 86 L.Ed.2d 185.)* ; *Horn v. O'Cheskey, D.C.N.M. 1974, 378 F.Supp. 1280. See also, Matzner v. Davenport, D.C.N.J. 1968, 288 F.Supp. 636, affirmed 410 F.2d.1376, certiorari denied 90 S.Ct. 570, 396 U.S. 1015, 24 L.Ed.2d 506. Brown v. U.S., C.A. 6 (Tenn.) 1953, 204 F.2d 247.); Dennis v. Sparks U.S. Tex. 1980, 101 S.Ct. 183, 449 U.S. 24, 86 L.Ed.2d 185.) U.S. v. Otherson, C.A.9(Cal.) 1980, 637 F.2d 1276, certiorari denied 102 S.Ct. 149, 454 U.S. 840, 70 L.Ed.2d 123.*

4. Instead of securing FRCP Rule 1 mandated objectives and enforcing Arthur's Due Process rights, the District court delayed its ruling on motion to proceed on appeal as a poor person until after the appeal was dismissed. On yet another occasion, Arthur filed a premature appeal because the District court sat on post trial motions. Then, after the appeal was dismissed, the District court ruled on said post trial motions. Arthur here alleges FRCP Rule 1 violations by the District court. But, *See FRCP Handbook 2016 at Rule 1, Notes 40-41.) ; also (e.g. see* Des Isles v. Evans, *C.A. 5 (Fla.) 1955, 225 F.2d 235.) (Rule 1 prohibits the "set[ting of] traps and pitfalls by way of technicalities for unwary litigants[...]"* These actions/failures to act in accordance with law by state, federal and/or county actors were/are perpetrated as a conspiracy in furtherance of unlawfully depriving Arthur of his homestead for the alleged Timothy Wilson. Brown v. U.S., *C.A. 6 (Tenn.) 1953, 204 F.2d 247.);* Dennis v. Sparks *U.S. Tex. 1980, 101 S.Ct. 183, 449 U.S. 24, 86 L.Ed.2d 185.)* ; Horn v. O'Cheskey, *D.C.N.M. 1974, 378 F.Supp. 1280. See also,* Matzner v. Davenport, *D.C.N.J. 1968, 288 F.Supp. 636, affirmed 410 F.2d.1376, certiorari denied 90 S.Ct. 570, 396 U.S. 1015, 24 L.Ed.2d 506.* Brown v. U.S., *C.A. 6 (Tenn.) 1953, 204 F.2d 247.);* Dennis v. Sparks *U.S. Tex. 1980, 101 S.Ct. 183, 449 U.S. 24, 86 L.Ed.2d 185.)* U.S. v. Otherson, *C.A.9(Cal.) 1980, 637 F.2d 1276, certiorari denied 102 S.Ct. 149, 454 U.S. 840, 70 L.Ed.2d 123.*
5. The State court judge who entered the default order cited above is a party to the cause, and is automatically disqualified as provided for by Il.St.Ct. Rule 63, generally, and he acts in violation of U.S.C.A. Const. Amend. 14 and/or 18 U.S.C.A. § 241/242 for refusing to step aside, and for having sentenced Arthur to 30 days in the County Jail on February 18th 2016, and for entering judgment in favor of adverse party; where, Arthur appeared in State court for the sole purpose of obtaining a copy of stay order after he removed the case to the District court. But, *see* Maseda v. Honda Motor Co., Ltd., *C.A. 11(Fla.) 1988, 861 F.2d 1248, on remand 128 F.R.D. 124. ) ("" Jurisdiction of state court absolutely ceases and state court has duty not to prpceed any further in case...")* Arthur has reason to believe that a federal judge (David Herndon) sat in at state court on February 18th 2016, pretending to have been

state judge Vincent Lopinot, and having illegally sentenced Arthur to 30 days jail. *Maseda v. Honda Motor Co., Ltd., C.A. 11(Fla.) 1988, 861 F.2d 1248, on remand 128 F.R.D. 124.* These actions/failures to act in accordance with law by state, federal and/or county actors were/are perpetrated as a conspiracy in furtherance of unlawfully depriving Arthur of his homestead for the alleged Timothy Wilson. *Brown v. U.S., C.A. 6 (Tenn.) 1953, 204 F.2d 247.); Dennis v. Sparks U.S. Tex. 1980, 101 S.Ct. 183, 449 U.S. 24, 86 L.Ed.2d 185.) ; Horn v. O'Cheskey, D.C.N.M. 1974, 378 F.Supp. 1280. See also, Matzner v. Davenport, D.C.N.J. 1968, 288 F.Supp. 636, affirmed 410 F.2d.1376, certiorari denied 90 S.Ct. 570, 396 U.S. 1015, 24 L.Ed.2d 506. Brown v. U.S., C.A. 6 (Tenn.) 1953, 204 F.2d 247.); Dennis v. Sparks U.S. Tex. 1980, 101 S.Ct. 183, 449 U.S. 24, 86 L.Ed.2d 185.) U.S. v. Otherson, C.A.9(Cal.) 1980, 637 F.2d 1276, certiorari denied 102 S.Ct. 149, 454 U.S. 840, 70 L.Ed.2d 123.*

6. Several days after being jailed, Arthur filed a Notice of Appeal to the U.S. District Court, *(in the removed # 16-125 case)* seeking to stay the 30 day sentence; but District Judge David Herndon intercepted the papers and filed them in a new case, # 16-199 DRH, treating it as a habeas corpus complaint. But, *see Harris v. Nelson, U.S. Cal. 1969, 89 S.Ct. 1082, 394 U.S. 286, 22 L.Ed.2d 281, rehearing denied 89 S.Ct. 1623, 394 U.S. 1025, 23 L.Ed.2d 50. ) (Where[...] state prisoner's petition show reason to believe that petitioner [...]be confined illegally, and is therefore entitled to relief, it is duty of court to provide necessary facilities and procedures for adequate inquiry...')* In cast at hand, it was reasonably clear what Arthur intended by filing notice of appeal to District court which had acquired jurisdiction over the case pursuant to 28 U.S.C.A. 1446; but more importantly, the court had a duty to secure the Arthur's immediate release from jail. These acts violate 18 U.S.C.A. §§ 241 and/or 242, and U.S.C.A. Const. Amend. 14, generally. *Further,* These actions/failures to act in accordance with law by state, federal and/or county actors were/are perpetrated as a conspiracy in furtherance of unlawfully depriving Arthur of his homestead for the alleged Timothy Wilson. *Brown v. U.S., C.A. 6 (Tenn.) 1953, 204 F.2d 247.); Dennis v. Sparks U.S. Tex. 1980, 101 S.Ct. 183, 449 U.S. 24, 86 L.Ed.2d 185.) ; Horn v. O'Cheskey, D.C.N.M. 1974, 378 F.Supp. 1280. See also, Matzner v.*

Davenport, *D.C.N.J. 1968, 288 F.Supp. 636, affirmed 410 F.2d.1376, certiorari denied 90 S.Ct. 570, 396 U.S. 1015, 24 L.Ed.2d 506.* Brown v. U.S., *C.A. 6 (Tenn.) 1953, 204 F.2d 247.);* Dennis v. Sparks *U.S. Tex. 1980, 101 S.Ct. 183, 449 U.S. 24, 86 L.Ed.2d 185.)* U.S. v. Otherson, *C.A.9(Cal.) 1980, 637 F.2d 1276, certiorari denied 102 S.Ct. 149, 454 U.S. 840, 70 L.Ed.2d 123.*

7. FRCP Rule 60 defines fraud upon the court as having been perpetrated by officers of the court, within the meaning of Hazel-Atlas Glass Co., v. Hartford-Empire Co., *322 U.S. 238, 245-46, 64 S.Ct. 997, 88 L.Ed. 1250 (1944);* U.S. v. Williams, *790 F.3d 1059, 1071 (10th Cir. 2015).* Fox ex rel. Fox v. Elk Run Coal Co., *739 F.3d. 131, 136 (4th Cir. 2014.) )* The order and conduct complained of herein is assault upon the integrity and functioning of the judiciary, by court officers. Arthur submits that fraud has been and continues to be perpetrated upon the several Courts; and that said actions/failures to act in accordance with law by state, federal and/or county actors were/are perpetrated as a conspiracy in furtherance of unlawfully depriving Arthur of his homestead for the alleged Timothy Wilson. Brown v. U.S., *C.A. 6 (Tenn.) 1953, 204 F.2d 247.);* Dennis v. Sparks *U.S. Tex. 1980, 101 S.Ct. 183, 449 U.S. 24, 86 L.Ed.2d 185.)* ; Horn v. O'Cheskey, *D.C.N.M. 1974, 378 F.Supp. 1280. See also,* Matzner v. Davenport, *D.C.N.J. 1968, 288 F.Supp. 636, affirmed 410 F.2d.1376, certiorari denied 90 S.Ct. 570, 396 U.S. 1015, 24 L.Ed.2d 506.* Brown v. U.S., *C.A. 6 (Tenn.) 1953, 204 F.2d 247.);* Dennis v. Sparks *U.S. Tex. 1980, 101 S.Ct. 183, 449 U.S. 24, 86 L.Ed.2d 185.)* U.S. v. Otherson, *C.A.9(Cal.) 1980, 637 F.2d 1276, certiorari denied 102 S.Ct. 149, 454 U.S. 840, 70 L.Ed.2d 123.*

8. Section (d)(3) of 18 § 3771 provides that Motion for Relief shall be taken up forthwith; but, on June 21st 2016, when Arthur attempted to file a motion under this Section, the District Court Clerk's office took a copy, said she needed to speak with their attorney and disappeared for several minutes. About 30 minutes later, Arthur was told that it the motion would not or could not be filed, but said motion was stamped as "Received."

CONCLUSION

Arthur's Due Process rights have been and continue to be violated, and the foregoing allegations do not contain all the acts and events and/or parties involved.

**Wherefore the Plaintiff seeks relief in the form of a criminal charges and other relief that the Court may deem just.**

**BY:**________________________

Arthur Stanley
2918 Trendley Ave
E St. Louis, Il. 62207
(618) 671-9217

CERTIFICATE OF SERVICE

Counter-Petitioner hereby certifies that On June 20th 2016 a copy of attached instrument was sent by first class mail to counsel of record and/or Thomas Benedict at 1004 S. Lincoln Ave., Ste. 12, O'Fallon, Il. 62269.

**BY:**________________________

Arthur Stanley
2918 Trendley Ave
E St. Louis, Il. 62207
(618) 671-9217