IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TIMOTHY WILSON, JR.,

    Plaintiff,

vs.

ARTHUR STANLEY,

    Defendant.

Case No. 16-cv-0678-SMY-PMF

**MEMORANDUM AND ORDER**

    This matter comes before the Court on Plaintiff Arthur Stanley's Motion for Leave to Proceed *in forma pauperis* (Doc. 2). For the following reasons, Plaintiff's Motion is **DENIED** and this case **DISMISSED with prejudice**.

    A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). When assessing a motion to proceed *in forma pauperis,* a district court should inquire into the merits of the plaintiff's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982). The Court is satisfied from Stanley's affidavit that he is indigent. However, the Court finds that he cannot make a rational argument on the law or facts in support of his claim. Stanley is no stranger to this Court. In his current Complaint (Doc. 1), Stanley makes a series of claims against various judges and officials in the State of Illinois, as well as Timothy Wilson. The root

of Plaintiff's claims is that a foreclosure and eviction proceeding was wrongfully commenced against him in St. Clair County, Illinois.  His request for relief in this action is that the Court brings criminal charges and grants him relief from harassment and attempts to deprive him of property and liberty.  He alleges that the legal proceedings in St. Clair County court were sham proceedings and that there are several conspiracies by the judiciary and St. Clair County Sheriff's department to harass him.  He also alleges that United States District Judge David Herndon sat in state court and pretended to be the state court judge, Judge Vincent Lopinot, over Plaintiff's state court legal proceedings.

Pursuant to 28 U.S.C. §1915(e)(2), the Court "shall dismiss the case at any time if the court determines that…the action…frivolous or malicious" or "fails to state a claim on which relief may be granted…"  A claim may be dismissed as frivolous, under the IFP statute, when the claim's factual contentions are clearly baseless or when the claim is based on an indisputably meritless legal theory.  *Wemple v. All Illinois Judicial Circuits*, 778 F.Supp.2d 930, 932 (C.D. Ill. April 21, 2011).  Here, Plaintiff's factual contentions are clearly baseless.  He gives no basis for his allegations other than conspiracy theories and bizarre suppositions.  These allegations have no basis in fact or law, rendering Plaintiff's Complaint frivolous.  Accordingly, this Complaint must be dismissed.

Insofar as this is Plaintiff's seventh frivolous or remanded lawsuit, he is **ADVISED** that under *Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997) and *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995), courts have inherent authority to protect themselves from vexatious litigation by imposing fines and filing bands. In *Alexander*, the Court warned that if the petitioner filed any further frivolous habeas petitions, he would be fined $500; the fine would have to be paid before any other civil litigation be allowed to be filed, and any

habeas action would be summarily dismissed thirty days after filing unless otherwise ordered by the Court.  Stanley should keep *Alexander* and *Mack* in mind before filing any additional actions related to his state court proceedings in this court.

For the foregoing reasons, Stanley's Motion to proceed *in forma pauperis* (Doc. 2) is **DENIED** and this case is **DISMISSED with prejudice**.  The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: July 29, 2016**

s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**
