PlIN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARTHUR STANLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-CV-0678-SMY |
| | ) |
| VINCENT LOPINOT, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## MEMORANDUM AND ORDER

This case was dismissed with prejudice on July 29, 2016 upon the Court's consideration of Plaintiff's then pending Motion for Leave to Appeal *in forma pauperis* (Doc. 12). Plaintiff filed a Notice of Appeal regarding the dismissal on August 12, 2016 (Doc. 15). Now before the Court are several motions and other pleadings subsequently filed by Plaintiff: Motion to Consolidate Appeals (Doc. 17); Motion for Leave to Appeal *in forma pauperis* (Doc. 18); Motion for Reconsideration (Doc. 31); Motion for Leave to Appeal *in forma pauperis* (Doc. 34); Motion for Leave to Appeal *in forma pauperis* (Doc. 40); Notices of Appeal (Docs. 15, 22, 26, 33, 38).

Plaintiff's Motion to Consolidate Appeals (Doc. 17) and Motion for Reconsideration (Doc. 31) were filed after Plaintiff filed his Notice of Appeal at Doc. 15. However, once Plaintiff filed that Notice, this Court was divested of jurisdiction to consider any motions except for a motion for leave to appeal *in forma pauperis*. See *Boyko v. Anderson*, 185 F.3d 672, 674 (7th Cir. 1999) ("The filing of the appeal had deprived the district court of jurisdiction over the case."). Accordingly, these motions are **DENIED**.

Turning now to Plaintiff's Motion for Leave to Appeal *in forma pauperis* (Doc. 18), a federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) & (3); Fed. R. App. P. 24(a)(3)(A). The test for determining if an appeal is in good faith and not frivolous is whether any of the legal points are reasonably arguable on their merits. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (citing *Anders v. California*, 386 U.S. 738 (1967)); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

The Court acknowledges that Plaintiff is indigent. However, this case was dismissed due to Plaintiff's baseless allegations, setting forth only conspiracy theories and bizarre suppositions, including Plaintiff's allegation that United States District Judge David Herndon sat in state court and pretended to be the state court judge, Judge Vincent Lopinot, who presided over Plaintiff's state court legal proceedings. Thus, this appeal is frivolous and Plaintiff's Motion for Leave to Appeal *in forma pauperis* (Doc. 18) is **DENIED**. All other pending motions for leave to appeal *in forma pauperis* (Docs. 34, 40) are **MOOT**.

### *Sanctionable Conduct*

Plaintiff's filings since the dismissal of this case are just the latest in a disturbing pattern of frivolous and vexatious cases and pleadings filed by him in this district.[1] For that reason, Plaintiff was explicitly advised of the Court's inherent authority to protect itself from vexatious litigation by imposing sanctions including fines and filing bans and was also advised that he should keep this in mind before filing any additional actions or pleadings related to his state court proceedings (Doc.12). Nevertheless, Plaintiff remains undeterred.

---

[1] This is Plaintiff's seventh frivolous or remanded lawsuit stemming from the same state court proceeding over which this Court has no jurisdiction.

Although Plaintiff has been duly warned about filing frivolous and harassing actions and pleadings, he will be afforded notice and an opportunity to show cause why, as a sanction, the Court should not impose a monetary fine of $500, to be paid before any other civil litigation will be allowed to be filed; the Clerk of Court would be directed to return all civil filings unfiled until the sanction is paid. Documents submitted in connection with any pending appeal would be excluded from the sanction.

Accordingly, **IT IS HEREBY ORDERED** that on or before **November 14, 2016**, Plaintiff Arthur Stanley shall **SHOW CAUSE** in writing as to why he should not be sanctioned for filing the above - referenced frivolous and harassing pleadings. If no response to the show cause order is received, or if, after considering Plaintiff's response, an order and final judgment will be entered.

**IT IS SO ORDERED.**

**DATED: October 25, 2016**

                                              **s/ Staci M. Yandle**
                                              **STACI M. YANDLE**
                                              **United States District Judge**